CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 05 2014

JULIA C. DUDLEY, CLERK
BY:
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ARTHUR K. DAVIS, | ) |
| | ) Civil Action No. 7:13cv00026 |
| Plaintiff, | ) |
| | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| TOM VILSACK, Secretary, | ) |
| United States Department of Agriculture, | ) By: Samuel G. Wilson |
| | ) United States District Judge |
| Defendant. | ) |

Plaintiff Arthur K. Davis, a land tenant, filed this action under the Administrative Procedures Act, 5 U.S.C. § 701 *et seq.*, against the Secretary of the United States Department of Agriculture (the "Agency" or "Secretary") challenging its final adverse decision that terminated Davis' contracts under a federal conservation program. Both parties have now moved for summary judgment. Finding that the Agency decision mistakenly relies on a regulation that addresses only owners, not tenants such as Davis, the court will deny the Secretary's motion for summary judgment and remand the case for the Agency to reconsider its decision under the appropriate regulations.

I.

Davis began leasing land from Wythe County on January 1, 2000. (Administrative Record "AR" at 000340-52) As a tenant of the land, he in turn entered into two contracts with the Commodity Credit Corporation (CCC) under the Conservation Reserve Enhancement Program (CREP).[1] (AR at 000378 & 000387) CREP is a voluntary program administered by the

---

[1] To enroll land in CREP, an individual must enter into a contract with the CCC. See 7 C.F.R. § 1410.32(a). The CCC is a government-owned and operated entity whose activities are carried out primarily through the Farm Service Agency. See Commodity Credit Corporation, United States Dep't of Agric. Farm Serv. Agency,

United States Department of Agriculture through its Farm Service Agency (FSA) that compensates participants for establishing conservation practices.[2] Davis' CREP contracts were effective December 1, 2001 through September 30, 2012, (AR at 000378 & 000387) and, upon entering the contracts, Davis understood he might be removed from the contracts if he did not maintain his tenancy. (AR at 000309)

On November 30, 2009, during the term of his CREP contracts, Davis' lease with Wythe County expired because he elected not to renew it. (AR at 000219) Wythe County notified the FSA and indicated it would not extend or take responsibility for the CREP contracts. (Id.) Shortly thereafter, the FSA terminated Davis' CREP contracts. (AR at 00215-16) Ultimately, Davis appealed the decision to the Agency's National Appeals Division, which upheld the termination. (AR at 000121-129) In its final determination, the Agency found that the "FSA properly terminated [Davis'] CREP contracts after [Davis] failed to comply with applicable regulations by losing control of his property." (AR at 126) Specifically, the Agency cited 7 C.F.R. § 1410.32(f)(1) for support that "CREP contracts may be terminated before the full term of the contract has expired if the *operator* loses control of or transfers all or part of the acreage under contract and the new *owner or operator* does not continue the contract." (AR at 000126) (emphasis added) The cited regulation, however, refers only to owners, not operators or tenants. 7 C.F.R. § 1410.32(f)(1) (stating CREP contracts "may be terminated ... before the full term of the contract has expired if ... [t]he *owner* loses control of or transfers all or part of the acreage under contract and the new *owner* does not wish to continue the contract") (emphasis added).

---

http://www.fsa.usda.gov/FSA/webapp?area=about&subject=landing&topic=sao-cc (last visited June 5, 2014).
[2] See Conservation Programs, United States Dep't of Agric. Farm Serv. Agency, http://www.fsa.usda.gov/FSA/webapp?area=home&subject=copr&topic=cep (last visited June 5, 2014).

2

## II.

Under the Administrative Procedures Act, the reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be ... arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Review is limited to the important, but narrow, task of determining whether the agency conformed with controlling law and whether it committed a "clear error of judgment." Holly Hill Farm Corp. v. U.S., 447 F.3d 258, 263 (4th Cir. 2006) (internal citations omitted). While the court reviews an agency's interpretation of its own regulations with substantial deference, see, e.g., Thomas Jefferson Univ. v. Shalala, 512 U.S. 504, 512 (1994), that deference "is warranted only when the language of the regulation is ambiguous." Christensen v. Harris County, 529 U.S. 576, 588 (2000). The agency's interpretation is not controlling if it is plainly erroneous or inconsistent with the plain terms of the regulation at issue. Auer v. Robbins, 519 U.S. 452, 461 (1997).

Although Davis has not challenged the Agency's application of 7 C.F.R. § 1410.32(f)(1), the court cannot avoid the uncontested conclusion that Davis was a tenant of the land under the CREP contracts, not an owner, making § 1410.32(f)(1) inapplicable. By its plain and unambiguous terms, § 1410.32(f)(1) applies only to owners. The court, therefore, finds that § 1410.32(f)(1) cannot support the Agency's decision to uphold the termination of Davis' CREP contracts. Given the silence in the Agency's original analysis with respect to other potential reasoning,[3] the court will remand the case to the Agency for reconsideration of its decision. See Florida Power & Light Co. v. Lorion, 470 U.S. 729, 744 (1985) ("If the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if the

---

[3] For instance, the Agency's analysis did not address 7 C.F.R. § 1410.32(f)(3) (allowing contract termination for noncompliance with the contract terms), § 1410.52(a)(1) (same), or § 1410.56(c) (allowing termination if a tenant fails to maintain tenancy).

3

reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.").

III.

For the foregoing reasons, the court will deny the Agency's cross-motion for summary judgment and remand the case to the United States Department of Agriculture for further action consistent with this opinion.

**ENTER:** This June 5, 2014.

———————————————
UNITED STATES DISTRICT JUDGE